# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TONNIE LUCKETT (#99443)**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**ROBERT E. BARROW, JR., TREATMENT**　　　　　　　**NO. 14-0153-JWD-RLB**
**CENTER, ET AL.**

## NOTICE

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Signed in Baton Rouge, Louisiana, on June 2, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TONNIE LUCKETT (#99443) | CIVIL ACTION |
| VERSUS | |
| ROBERT E. BARROW, JR., TREATMENT CENTER, ET AL. | NO. 14-0153-JWD-RLB |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Secretary James LeBlanc and the Robert E. Barrow Treatment Center, complaining that prison personnel at LSP have refused his requests for blood typing. The plaintiff contends that blood-typing will prove his innocence in connection with criminal convictions entered against him in 1991 in the Civil District Court for the Parish of Orleans, State of Louisiana.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.*

*Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court.  Specifically, it has been recognized that "[a] case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation."  *Lewis v. Secretary of Public Safety and Corrections*, 508 Fed. Appx. 341, 343-44 (5th Cir.), *cert. denied*, 133 S.Ct. 2802 (2013).  "A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"  *Id.*  Upon a review of the records of this Court, it appears that, in a separate prior lawsuit filed by the plaintiff before this Court, the plaintiff has asserted identical claims against defendants Burl Cain and James LeBlanc.  *See Tonnie Luckett v. Warden Burl N. Cain, et al.*, Civil Action No. 13-0722-SDD-RLB (M.D. La.).  Accordingly, inasmuch as the claims asserted in the instant proceeding are duplicative of the claims asserted by the plaintiff in the referenced prior proceeding, this proceeding is subject to dismissal as duplicative.[1]

---

1. Although the plaintiff has named as an additional defendant in this proceeding the R.E. Barrow Treatment Center, this defendant is not properly before the Court.  Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as the Treatment Center to sue or be sued is determined by the law of the state in which the district court sits.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and malicious within the meaning of 28 U.S.C. §§ 1915(g) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on June 2, 2015.

 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

---

*Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Further, under 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The R.E. Treatment Center is not a separate entity but is a medical facility staffed and operated by LSP employees on the grounds of the state penitentiary and is not a person within the meaning of the referenced statute. *See, e.g., Jeffries v. St. Bernard Parish Sheriff's Dept.*, 2013 WL 6044365, *4 (E.D. La. Nov. 13, 2013) (finding that a parish jail "medical department" is not subject to suit in federal court); *Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to the R.E. Barrow Treatment Center, and this defendant is subject to dismissal from this proceeding as a matter of law.

 2. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."